UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICHARD R. ZILGME,

                                    Plaintiff,

        v.                                                      **DECISION AND ORDER**
                                                                05-CV-749S
NCB MANAGEMENT SERVICE, INC.,

                                    Defendant.

        1.      Plaintiff Richard R. Zilgme filed this action against Defendant NCB
Management Service, Inc., on October 20, 2005, seeking redress for alleged violations of
the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("the FDCPA").  On
January 4, 2006, Plaintiff accepted Defendant's Offer of Judgment for $1,500 pursuant to
Rule 68 of the Federal Rules of Civil Procedure.

        2.      Also on that date, Plaintiff filed a Motion for Attorney's Fees, which is the
motion currently at bar.  This Court took Plaintiff's motion under advisement on February
24, 2006, after denying Plaintiff's Motion for Leave to File a Reply.  For the following
reasons, Plaintiff's motion is granted and the Clerk of the Court is directed to enter
judgment in Plaintiff's favor against Defendant in the amount of $3,540.

        3.      Under the governing statute, "[a] consumer who brings a successful FDCPA
lawsuit can recover 'the costs of the action, together with a reasonable attorney's fee as
determined by the court.'" Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2d Cir. 1991)
(quoting 15 U.S.C. § 1692k(a)(3)).  Plaintiff is the successful party in this litigation, and
Defendant does not contest Plaintiff's entitlement to an award of attorney's fees and costs.
It is the reasonableness of Plaintiff's fee request that Defendant contests.

4.     Courts typically use the lodestar method to determine reasonable attorney's fees.  The lodestar figure is calculated by "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for each attorney or paralegal involved."  Kapoor v. Rosenthal, 269 F.Supp.2d 408, 412 (S.D.N.Y. 2003) (citation omitted).  "The lodestar figure should be in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997) (citation and internal quotations omitted). "[T]here is . . . a strong presumption that the lodestar figure represents a reasonable fee."  Goins v. JBC & Assocs., P.C., No. 3:03 CV 636, 2006 WL 540332, at *1 (D.Conn. Mar. 6, 2006) (quoting A.R. ex rel. R.V. v. New York City of Dep't of Educ., 407 F.3d 65, 79 (2d Cir. 2005)).  Where the Court "augments or reduces the lodestar figure it must state its reasons for doing so as specifically as possible."  DiFilippo v. Morizio, 759 F.2d 231, 235 (2d Cir. 1985) (quotations and citations omitted).

5.     Plaintiff seeks a total judgment for fees and costs in the amount of $5,914.  This is based on 20.9 hours of attorney time billed at the hourly rate of $260, 2 hours of paralegal time billed at $85 per hour,[1] and $310 in costs.  (Hiller Decl., ¶ 25.)

Defendant argues that the expenditure of time claimed in this case and the proposed attorney and paralegal billing rates are excessive.  Defendant maintains that

---

[1]In his declaration, Plaintiff's counsel seeks "reimbursement of $170.00, which represents counsel's paralegal's three hours of time at $85.00 per hour."  (Hiller Decl., ¶ 25.)  Since $170 represents two hours of work billed at $85 per hour, and the paralegal's time records document 2 hours worked, this Court assumes that the reference to three hours in the Hiller Declaration is in error.  (See Eichelberger Affirmation, ¶ 2.)

Plaintiff's fee award should be reduced to $2,037, which represents 10.1 hours of attorney time billed at the hourly rate of $175, .3 hours of paralegal time billed at the hourly rate of $65, and $250 in costs. (Schillaci Affirm., ¶¶ 42, 47.)

6.    This Court has carefully reviewed Plaintiff's motion and Defendant's opposition. Initially, this Court finds that the time billed by Plaintiff's counsel should be reduced. First, the time claimed for counsel's work in Plaintiff's bankruptcy case, even though arguably related to the instant action, is not properly included in this fee request because it does not involve the substance of Plaintiff's FDCPA claim. Thus, a reduction of 3.7 hours will be taken.

Second, this Court will reduce counsel's claim of .8 hours instructing his paralegal on filing procedures and other administrative tasks to a more reasonable .3 hours, resulting in a further deduction of .5 hours.

Third, since the Complaint in this case is a form Complaint used in many FDCPA actions brought by counsel, this Court will reduce the claim of 1.5 hours for preparation of the Complaint to .5 hours, which results in a further reduction of 1 hour.

In all other respects, this Court finds Plaintiff's claim of attorney time to be reasonable. A total reduction of 5.2 hours shall be applied, resulting in a total of 15.7 attorney hours.

7.    This Court also finds that a modest reduction should be made to the hours claimed for paralegal work. As indicated above, billing for work done in the bankruptcy action is not appropriate on this application. As such, the paralegal hours will be reduced

by .2, which results in a total expenditure of 1.8 hours of paralegal time.  Plaintiff's claim for $310 in costs, which represents the $250 filing fee and a $60 service fee, is reasonable.

8.       Turning to the claimed hourly billing rates, this Court finds that both the $260 attorney rate and $85 paralegal rate are excessive.   Despite Plaintiff's counsel's experience in FDCPA litigation, this Court finds an hourly rate of $200 to be reasonable for this market.  This rate may arguably be too generous since it is on par with the rate applied in New York City, but given Plaintiff's counsel's experience, it is an appropriate rate.[2]  See Dowling v. Kucker Kraus & Bruh, LLP, 99 CIV 11958, 2005 WL 1337442, at *8 (S.D.N.Y. June 6, 2005) (holding $200 to be a reasonable hourly rate in FDCPA cases for experienced attorneys in Manhattan); see also Kapoor, 269 F.Supp.2d at 415 (collecting cases).  Moreover this Court finds that a paralegal rate of $50 is reasonable.  See Bartosik v. Credit Bureau of Rochester, Inc., 05-CV-318, Docket Nos. 16 and 17 (W.D.N.Y. Mar. 31, 2006).

9.       Accordingly, this Court finds that Plaintiff is entitled to recovery for 15.7 attorney hours billed at $200 per hour, 1.8 hours of paralegal time billed at $50 per hour, and $310 in costs.  Consequently, the Clerk of the Court will be directed to enter judgment in Plaintiff's favor against Defendant in the amount of $3,540.


IT HEREBY IS ORDERED, that Plaintiff's Motion for Attorney's Fees and Costs

---

[2]This Court further notes that $200 per hour has previously been found by this Court to be a reasonable rate for Plaintiff's counsel's services.  See Bartosik v. Credit Bureau of Rochester, Inc., 05-CV-318, Docket Nos. 16 and 17 (W.D.N.Y. Mar. 31, 2006).

(Docket No. 5) is GRANTED.

FURTHER, that the Clerk of the Court is directed to enter judgment in Plaintiff's favor against Defendant in the amount of $3,540.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.


Dated:   May 15, 2006
         Buffalo, New York

 /s/William M. Skretny
 WILLIAM M. SKRETNY
United States District Judge
